MAURO, J., Concurring and Dissenting.
As the majority correctly explains, the trial court had authority to determine the accrual date of plaintiffs’ cause of action. (Maj. opn., ante, at p. 460.) Unlike the majority, however, I would not bypass review of the trial court’s accrual determination. (Maj. opn., ante, at p. 460.)
The trial court erred in finding that plaintiffs’ cause of action accrued at or near the time of the accident, because unrefuted evidence establishes that plaintiffs did not discover, and did not have reason to discover, the facts giving rise to their claim until March 25, 2011. Thus, plaintiffs’ cause of action did not accrue until then. Additional unrefuted evidence establishes that plaintiffs presented a government claim less than six months after their cause of action accrued. Accordingly, plaintiffs are entitled to relief because they complied with the government claim filing requirements.
I disagree with part III of the majority opinion.
I
Generally, a cause of action accrues when the wrongful act is done, or the wrongful result occurs, and the consequent liability arises. (Norgart v. Upjohn *465 Co. (1999) 21 Cal.4th 383, 397 [87 Cal.Rptr.2d 453, 981 P.2d 79].) But the delayed discovery rule is an exception to the general rule. (Ibid.) It postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. (Ibid.) A plaintiff discovers the cause of action when she at least suspects a factual basis, as opposed to a legal theory, for its elements. (Ibid.) A plaintiff has reason to discover the cause of action when she has notice or information of circumstances that would put a reasonable person on inquiry. (Id. at pp. 397-398.)
Here, the trial court found that plaintiffs’ cause of action against the Department of the California Highway Patrol and Officer Sherwood accrued at or near the time of the accident. The trial court said the facts of this tragic accident suggest civil liability, and if plaintiffs had retained counsel in a timely manner, counsel would have had a duty to diligently pursue the pertinent facts of the cause of action to identify possible defendants. The trial court concluded that even if the discovery rule applied, plaintiffs “had reason to discover the earlier traffic stop as part of the investigation into civil liability.”
On appeal, plaintiffs contend the trial court should not have selected any accrual date, because accrual under the discovery rule is a question for the jury. I agree with the majority that the trial court had authority to determine the accrual date in ruling on the petition for relief, because the accrual date was a subsidiary finding in determining whether plaintiffs were entitled to relief from the claim filing requirements. (Maj. opn., ante, at p. 460.)
Plaintiffs also assert, however, that the trial court selected the wrong accrual date. The majority concludes we need not decide the accrual date (maj. opn., ante, at p. 460), but I believe we should address plaintiffs’ contention.
“ ‘Resolution of the statute of limitations issue is normally a question of fact.’ [Citation.] More specifically, as to accrual, ‘once properly pleaded, belated discovery is a question of fact.’ [Citation.] As our state’s high court has observed; ‘There are no hard and fast rules for determining what facts or circumstances will compel inquiry by the injured party and render him chargeable with knowledge. [Citation.] It is a question for the trier of fact.’ [Citation.] ‘However, whenever reasonable minds can draw only one conclusion from the evidence, the question becomes one of law.’ [Citation.]” (E-Fab, Inc. v. Accountants, Inc. Services (2007) 153 Cal.App.4th 1308, 1320 [64 Cal.Rptr.3d 9].)
Thus, although the trial court’s finding regarding accrual of the cause of action must be upheld on appeal if supported by substantial evidence *466 (Institoris v. City of Los Angeles (1989) 210 Cal.App.3d 10, 17 [258 Cal.Rptr. 418]), where the underlying facts are not in dispute, the question of accrual is one of law, subject to independent review (Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co. (2004) 116 Cal.App.4th 1375, 1388 [11 Cal.Rptr.3d 412]).
The record on appeal shows that plaintiff Rachelle DeVore filed a declaration in support of plaintiffs’ petition for relief from the government claim filing requirements. She declared it was not until March 25, 2011, that she first learned an officer had previously stopped Roberts on the evening of the accident.
Plaintiffs’ attorney, Scott Love, also filed a declaration in support of the petition. Among other things, the declaration attached a copy of the accident report, which did not contain any indication that Roberts had previously been stopped on the evening of the accident.
The record on appeal does not include any additional declarations or evidence filed by the California Highway Patrol and Officer Sherwood. Moreover, the record indicates defendants did not cite to any evidence in the record refuting plaintiffs’ assertion of delayed discovery. Although defendants argued that had plaintiffs conducted even a minimal search, they would have learned about Officer Sherwood just as the prosecutor had learned about him, defendants did not cite evidence supporting that assertion. In fact, they admitted that Officer Sheiwood did not prepare a police report regarding the prior stop.
On this record, the undisputed evidence indicates that plaintiffs did not discover, and did not have reason to discover, facts giving rise to their cause of action against the California Highway Patrol and Officer Sherwood until March 25, 2011. Accordingly, plaintiffs’ cause of action did not accrue until that date.
n
A claim against a public entity relating to a cause of action for wrongful death must be presented no later than six months after the accrual of the cause of action. (Gov. Code, § 911.2.) Plaintiffs presented their government claim on August 3, 2011, less than six months after the accrual of their cause *467 of action. The California Highway Patrol and Officer Sherwood did not file, or cite, contrary evidence. Unrefuted evidence establishes that plaintiffs presented a timely claim.
Plaintiffs complied with the government claim filing requirements.